## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF <br> HOMELAND SECURITY, <br> 245 Murray Lane SW <br> Washington, DC 20528 <br><br> and <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cv-3280 (BAH) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the U.S. Department of Homeland Security (DHS), and the U.S. Department of Justice (DOJ) (collectively "Defendants"), hereby respond and answer to American Oversight's ("Plaintiff") Complaint, ECF No. 7, filed on January 11, 2022, in correspondingly numbered paragraphs:

1. This paragraph contains Plaintiff's characterization of its Complaint and this lawsuit, to which no response is required.

2. The allegations in this paragraph consist of legal conclusions regarding jurisdiction, to which no response is required.

3. The allegations in this paragraph consist of legal conclusions regarding venue, to

which no response is required.

4. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Defendants admit that DHS is a department of the Executive Branch of the U.S. government headquartered in Washington, DC. Defendants admit that DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant DHS admits that the Cybersecurity and Infrastructure Agency (CISA) is a component of DHS, but Defendant DHS clarifies that the DHS Privacy Office processes initial FOIA requests on behalf of CISA. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

7. Defendants admit that DOJ is a department of the Executive Branch of the U.S. Government headquartered in Washington, DC. Defendants admit that DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendants admit that the Office of Information Policy is a component of DOJ that processes FOIA requests for other components of DOJ, including the Offices of the Attorney General and Deputy Attorney General. Defendants admit that the Office of Legal Counsel (OLC), the Civil Rights Division (CRT), the Criminal Division (CRM), and the Office of the Solicitor General (OSG) are each components of DOJ that processes their own FOIA requests. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

8. Defendants admit that Plaintiff submitted a FOIA request to DHS dated November 1, 2021. Defendants respectfully refer the Court to Plaintiff's referenced FOIA

requests for a full and accurate statement of their contents.

9. Admit that, by email dated November 1, 2021, DHS acknowledged receipt of Plaintiff's November 1, 2021 FOIA request, referenced in paragraph 8, and assigned the FOIA request case number 2022-HQFO-00145.

10. Admit that, by email dated November 1, 2021, CISA acknowledged Plaintiff's FOIA request and assigned the FOIA request case number 2022-NPFO-00022.

11. Admit that, by letter dated November 18, 2021, CISA further acknowledged receipt of Plaintiff's FOIA request, dated November 1, 2021, and referenced in paragraph 8.

12. Admit that, by letter dated November 18, 2021, DHS further acknowledged receipt of Plaintiff's FOIA request, dated November 1, 2021, and referenced in paragraph 8.

13. Denied. As of the date that Plaintiff filed its Amended Complaint, ECF No. 7, on January 11, 2022, Defendant DHS sent Plaintiff two separate emails on December 20, 2021, indicating that the status of FOIA requests 2022-HQFO-00145 and 2022-NPFO-00022 as both being "In Process."

14. Admit that Plaintiff submitted a FOIA request to DHS dated November 1, 2021. Defendants respectfully refer the Court to Plaintiff's referenced FOIA request for a full and accurate statement of its contents.

15. Admit that, by email dated November 1, 2021, DHS acknowledged receipt of Plaintiff's FOIA request, November 1, 2021, and referenced in paragraph 14, and assigned the FOIA request case number 2022-HQFO-00146.

16. Admit that, by email dated November 1, 2021, CISA acknowledged Plaintiff's FOIA request and assigned the FOIA request case number 2022-NPFO-00023.

17. Admit that, by letter dated November 18, 2021, CISA further acknowledged

receipt of Plaintiff's FOIA request, dated November 1, 2021, and referenced in paragraph 14.

18. Admit that, by letter dated November 18, DHS further acknowledged receipt of Plaintiff's FOIA request, dated November 1, 2021, and referenced in paragraph 14.

19. Denied. Defendant DHS sent Plaintiff an email on December 14, 2021, indicating that the status of its FOIA request 2022-HQFO-00146 was "In Process," and on December 20, 2021, Defendant DHS sent Plaintiff an email indicating that FOIA request 2022-NPFO-00023 was also "In Process." Defendant DHS also provided a final response letter to Plaintiff electronically on January 10, 2022 stating that it conducted a comprehensive search of files retrieved by the DHS Office of the Chief Information Officer (OCIO) for records that would be responsive to Plaintiff's request 2022-HQFO-00146 and were not able to locate or identify any responsive records.

20. Admit that Plaintiff submitted a FOIA request to DHS dated November 1, 2021. Defendants respectfully refer the Court to Plaintiff's referenced FOIA request for a full and accurate statement of its contents.

21. Admit that, by email dated November 1, 2021, DHS acknowledged receipt of Plaintiff's FOIA request, November 1, 2021, and referenced in paragraph 20, and assigned the FOIA request case number 2022-HQFO-00149.

22. Admit that, by email dated November 1, 2021, and referenced in paragraph 20, CISA acknowledged Plaintiff's FOIA request and assigned the FOIA request case number 2022-NPFO-00026.

23. Admit that, by letter dated November 18, 2021, CISA further acknowledged receipt of Plaintiff's FOIA request, dated November 1, 2021, and referenced in paragraph 20.

24. Admit that, by letter dated November 18, DHS further acknowledged receipt of

Plaintiff's FOIA request, dated November 1, 2021, and referenced in paragraph 20.

25. Denied. Defendant DHS sent Plaintiff two separate emails on December 20, 2021, indicating that the status of FOIA requests 2022-HQFO-00149 and 2022-NPFO-00026 as both being "In Process." Defendant DHS also provided two final response letters to Plaintiff electronically on January 10, 2022 stating that it conducted a comprehensive search of files retrieved by the DHS OCIO for records that would be responsive to Plaintiff's requests 2022-HQFO-00149 and 2022-NPFO-00026 and were not able to locate or identify any responsive records.

26. Admit that Plaintiff submitted a FOIA request dated November 1, 2021 to DOJ components OIP, OLC, CRT, CRM, and CIV. Defendants respectfully refer the Court to Plaintiff's referenced FOIA request for a full and accurate statement of its contents.

27. Admit that, by email dated November 1, 2021, OLC acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 26.

28. Admit that, by letter dated November 17, 2021, CRT acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 26, and assigned it tracking number 22-00065-F.

29. Admit that, by email dated November 23, 2021, CIV acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 26, and assigned it tracking number 145-FOI-18276.

30. Admit that, by letter dated November 30, 2021, CRM acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 26, and assigned it tracking number CRM-301682068.

31. Admit that, by letter dated November 30, 2021, OIP acknowledged receipt of

Plaintiff's FOIA request, referenced in paragraph 26, and assigned it tracking number FOIA-2022-00246.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. Admit that Plaintiff submitted a FOIA request dated November 1, 2021 to DOJ components OIP, OLC, CRT, CRM, and CIV. Defendants respectfully refer the Court to Plaintiff's referenced FOIA request for a full and accurate statement of its contents.

34. Admit that, by email dated November 1, 2021, CRT acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 33, and assigned it and assigned it tracking number 22-00067-F.

35. Admit that, by letter dated November 23, 2021, CIV acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 33, and assigned it tracking number 145-FOI-18279.

36. Admit that, by letter dated November 30, 2021, OIP acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 33, and assigned it tracking number FOIA-2022-00247.

37. Admit that, by letter dated December 1, 2021, CRM acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 33, and assigned it tracking number CRM-301682076.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. Admit that Plaintiff submitted a FOIA request dated November 1, 2021 to DOJ components OIP, OLC, CRT, CRM, and CIV. Defendants respectfully refer the Court to

Plaintiff's referenced FOIA request for a full and accurate statement of its contents.

40. Admit that, by letter dated November 18, 2021, CRT acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 39, and assigned it and assigned it tracking number 22-00068-F.

41. Admit that, by letter dated November 23, 2021, CIV acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 39, and assigned it tracking number 145-FOI-18281.

42. Admit that, by letter dated December 1, 2021, CRM acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 39, and assigned it tracking number CRM-301682102.

43. Denied as to OIP. By letter dated December 1, 2021, OIP acknowledged receipt of Plaintiff's FOIA request referenced in paragraph 39. As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44. Admit that Plaintiff submitted a FOIA request dated November 23, 2021 to CISA. Defendants respectfully refer the Court to Plaintiff's referenced FOIA request for a full and accurate statement of its contents.

45. Admit that, by letter dated December 16, 2021, CISA acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 44, and assigned it and assigned it tracking number 2022-NPFO-00041.

46. Admit that, by email dated December 23, 2021, DHS informed Plaintiff that its request status was "in process."

47. Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

48. Admit that Plaintiff submitted a FOIA request dated November 24, 2021 to DOJ components OIP, OSG, CIV, and OLC. Defendants respectfully refer the Court to Plaintiff's referenced FOIA request for a full and accurate statement of its contents.

49. Admit that, by letter dated December 3, 2021, CIV acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 48, and assigned it tracking number 145-FOI-18325.

50. Denied as to OSG and OIP.  Defendants aver that by letter dated December 17, 2021, OSG acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 48, and assigned it tracking number 2021-1277801.  Defendants aver that by letter dated December 15, 2021, OIP acknowledged receipt of Plaintiff's FOIA request, referenced in paragraph 48, and assigned it tracking number FOIA-2022-00415.  As to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

51. The allegations in this paragraph consist of legal conclusions, to which no response is required.

52. The allegations in this paragraph consist of legal conclusions, to which no response is required.

53. The allegations in this paragraph consist of legal conclusions, to which no response is required.

54. The allegations in this paragraph consist of legal conclusions, to which no response is required.

55. The allegations in this paragraph consist of legal conclusions, to which no

response is required.

56. The allegations in this paragraph consist of legal conclusions, to which no response is required.

57. The allegations in this paragraph consist of legal conclusions, to which no response is required.

58. The allegations in this paragraph consist of legal conclusions, to which no response is required.

59. The allegations in this paragraph consist of legal conclusions, to which no response is required.

60. The allegations in this paragraph consist of legal conclusions, to which no response is required.

61. The allegations in this paragraph consist of legal conclusions, to which no response is required.

62. The allegations in this paragraph consist of legal conclusions, to which no response is required.

63. The allegations in this paragraph consist of legal conclusions, to which no response is required.

64. The allegations in this paragraph consist of legal conclusions, to which no response is required.

65. The allegations in this paragraph consist of legal conclusions, to which no response is required.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations

contained in the remaining paragraphs of the Complaint.

Defendants deny all allegations in the Complaint not expressly admitted or denied.

### First Defense

Plaintiff's FOIA requests are overbroad and/or not reasonably described.

### Second Defense

Plaintiff is not entitled to compel production of information exempt from disclosure under FOIA.

Dated: February 14, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Lee Reeves*
LEE REEVES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0773
Facsimile: (202) 616-8460

*Counsel for Defendants*